[No. 1623–2.  Division Two.  March 21, 1977.]

LOREN D. ROSE, SR., *Respondent,* v. NORMAN
TARMAN, ET AL, *Appellants.*

*Christopher R. Boutelle* and *Potter & Boutelle,* for appellants.

*David B. Condon, Fred Enslow,* and *Griffin & Enslow,* for respondent.

REED, J.—In June of 1972 and at defendant's behest, plaintiff Rose and defendant Tarman entered into an

agreement whereby Rose agreed to provide bulldozing services in clearing Tarman's property. The record indicates that the parties were fellow employees of Tyee Construction Company and that they had been acquainted for approximately 5 years. Rose, who was employed as a backhoe operator, owned a 1956 Caterpillar D–4 bulldozer; prior to the instant transaction Rose had neither leased the bulldozer nor had he operated it for money.

After Rose had worked 56 hours (mostly in the evenings and on weekends), the parties had a falling–out, and Tarman refused to pay for Rose's services. Rose instituted an action seeking compensation for services rendered, and Tarman answered, pleading as an affirmative defense that Rose was not registered as a "contractor" and therefore was precluded by RCW 18.27.080 from maintaining the action. The trial court found Rose was in fact not registered under the statute, but ruled that RCW 18.27.080 was inapplicable to this factual situation. Judgment was entered in favor of Rose in the amount of $712 and this appeal followed. The sole issue presented for our determination is whether Rose, by failing to register as a contractor, is barred from instituting this action. We hold that the services rendered by Rose were not those of a person engaged in an independent business, as that phrase is used in RCW 18.27.010, and that the contractor registration statutes are inapplicable to the instant case; accordingly the judgment of the trial court is affirmed.

Defendant Tarman contends that plaintiff Rose is a contractor as defined in RCW 18.27.010,[1] that Rose failed

---

[1]RCW 18.27.010 provides in relevant part:

"Definitions. A contractor as used in this chapter is any person, firm or corporation who or which, *in the pursuit of an independent business* undertakes to, or offers to undertake, or submits a bid to, construct, alter, repair, add to, subtract from, improve, move, wreck or demolish, for another, any building, highway, road, railroad, excavation or other structure, project, development, or improvement attached to real estate or to do any part thereof including the installation of carpeting or other floor covering, the erection of scaffolding or other structures or works in connection therewith or who installs or repairs roofing or siding; or, who,

to register as a contractor as required by RCW 18.27.020,[2] and that RCW 18.27.080[3] therefore precludes Rose from maintaining this action. First expressed in *Stewart v. Hammond,* 78 Wn.2d 216, 219, 471 P.2d 90 (1970), it has been repeatedly stated that the contractor registration statutes (RCW 18.27.010 *et seq.*) are designed to prevent the victimizing of a defenseless public by unreliable, fraudulent, and incompetent contractors, many of whom operate a transient business from the relative safety of neighboring states. Noncompliance has been discouraged by denying access to the courts to those who fail to register. RCW 18.27.080; *Stewart v. Hammond, supra. See also Northwest Cascade Constr., Inc. v. Custom Component Structures, Inc.,* 83 Wn.2d 453, 519 P.2d 1 (1974); *Lyda v. Port of Walla Walla,* 9 Wn. App. 115, 510 P.2d 1172 (1973); *Harbor Millwork, Inc. v. Achttien,* 6 Wn. App. 808, 496 P.2d 978 (1972).

 Although we note preliminarily that RCW 18.27.080, being in derogation of the common law, is to be strictly construed, *Andrews Fixture Co. v. Olin,* 2 Wn. App. 744, 472 P.2d 420 (1970), and that it is no defense to the statute that the person for whom the work was performed may be unjustly enriched, *Stewart v. Hammond, supra* at 220, *Suburban Fuel Co. v. Lamoreaux,* 4 Wn. App. 179, 480 P.2d 216 (1971), we do not believe these considerations are

to do similar work upon his own property, employs members of more than one trade upon a single job or project or under a single building permit except as otherwise provided herein." (Italics ours.)

[2]RCW 18.27.020 provides in relevant part:
"Registration required—Partnerships, joint ventures—Penalties. (1) It shall be unlawful for any person to submit any bid or do any work as a contractor until such person shall have been issued a certificate of registration by the state department of labor and industries."

[3]RCW 18.27.080 provides as follows:
"Registration prerequisite to suit. No person engaged in the business of acting in the capacity of a contractor may bring or maintain any action in any court of this state for the collection of compensation for the performance of any work or for breach of any contract for which registration is required under this chapter without alleging and proving that he was a duly registered contractor and held a current and valid certificate of registration at the time he contracted for the performance of such work or entered into such contract."

dispositive in the instant case. RCW 18.27.010 expressly provides that a contractor is a person who in the pursuit of an independent business engages in certain defined activities. Our reason for holding the statute inapplicable here is that the evidence is uncontroverted that Rose was not in the pursuit of an independent business, as that phrase is understood in plain and ordinary usage. The record indicates that this transaction between two social friends was far removed from a typical business enterprise. Rose did not hold himself out to the public as a bulldozer operator, nor did he actively solicit a contract with Tarman. In fact it was Tarman who initiated this agreement by requesting Rose's services and the use of his bulldozer, and Rose acquiesced only after Tarman's persistent efforts. Rose performed the work at odd hours in the evenings and in his spare time on weekends; additionally, there was expert testimony that the alleged agreed–upon price was far below the going rate for similar work. Under these circumstances we do not think that Rose comes within the statutory definition of a contracter as one in the pursuit of an independent business. Furthermore, the avowed purpose of preventing unscrupulous contractors from preying on a defenseless public would not be served by denying access to the courts to an individual who neither sought nor desired to perform bulldozing services, and did so only when prevailed upon by a friend.

Tarman urges that this case is controlled by *Northwest Cascade Constr., Inc. v. Custom Component Structures, Inc., supra,* in which the court held that the contractor registration statutes apply with equal force to a contractor engaged in a single and isolated business venture as to one doing such work on a regular and continuing basis. While the case at bar also involves only a single transaction, we do not think that characteristic is determinative. The economic considerations present in the normal business relationship and in *Northwest Cascade* are absent in this case, where the foundation for the contract was the friendship of the parties. Accordingly, we hold that Rose is not barred by

RCW 18.27.080 from maintaining this action, and the judgment of the trial court is affirmed.

PETRIE, C.J., and RINGOLD, J. Pro Tem., concur.

Petition for rehearing denied April 25, 1977.

Review denied by Supreme Court October 24, 1977.