217 P.3d 349 (2009)
A.W.R. CONSTRUCTION, INC., d/b/a Comet Roofing, Petitioner,
v.
WASHINGTON STATE DEPARTMENT OF LABOR & INDUSTRIES, Respondent.
No. 27299-1-III.
Court of Appeals of Washington, Division 3.
July 23, 2009.
Publication Ordered October 6, 2009.
*350 John Montgomery, Waldo Schweda & Montgomery PS, Spokane, WA, for Petitioner.
Jason D. Brown, Attorney at Law, Spokane, WA, for Respondent.
KULIK, A.C.J.
¶ 1 A.W.R. Construction, Inc., d/b/a/ Comet Roofing (Comet Roofing), contracted to replace the roof on Scott Manina's apartment building. When the project was finished, Mr. Manina refused to pay for the roof and filed a complaint with the Department of Labor & Industries. The Department issued an infraction, alleging that Comet Roofing violated the contractor registration act (CRA), chapter 18.27 RCW. Under RCW 18.27.114(1)(b), a disclosure notice was required if the apartment building is "commercial." The notice was not required if Mr. Manina was a contractor. We conclude that the eight-unit apartment building was a commercial building and that Mr. Manina was not a contractor at the time of the roofing contract. Thus, Comet Roofing violated RCW 18.27.114(1)(b) by failing to provide the disclosure notice. We affirm the decision of the administrative law judge (ALJ) and the superior court.

FACTS
¶ 2 Scott Manina owns an apartment building in Spokane, Washington. The building contains eight rental units. Mr. Manina purchased the property for the purpose of operating the building as a commercial enterprise generating positive business income. During the time Mr. Manina has owned the building, he has always rented out five or more rental units. Mr. Manina does not reside in the building.
¶ 3 In June 2006, Comet Roofing entered into a written contract for $16,693.60 to replace the roof of Mr. Manina's apartment building. During the reroofing project, Mr. Manina complained about the work. When the project was complete, Mr. Manina tried to negotiate a reduced price based on his complaints. The negotiations were unsuccessful, and Mr. Manina refused to pay on the contract. In response, Comet Roofing filed a lien against Mr. Manina's property.
¶ 4 Mr. Manina then filed a contractor complaint form with the Washington State Department of Labor and Industries. The Department issued an infraction alleging that *351 Comet Roofing violated RCW 18.27.114(1)(b) by failing to give Mr. Manina a disclosure statement. Comet Roofing appealed this infraction to the Office of Administrative Hearings.
¶ 5 The ALJ issued a decision affirming the infraction. The ALJ concluded that Mr. Manina's building was "commercial" and, therefore, subject to RCW 18.27.114(1)(b). The ALJ also determined that Mr. Manina was not a "contractor" and, thus, not excluded from the disclosure requirement under former RCW 18.27.114(3) (2001).[1] The ALJ upheld the $500 penalty assessed by the Department.
¶ 6 Comet Roofing appealed the ALJ's decision to Spokane County Superior Court. The superior court affirmed the ALJ's decision, adopting all of his findings and conclusions. This court granted discretionary review.

ANALYSIS
¶ 7 The Administrative Procedure Act (APA), chapter 34.05 RCW, governs the judicial review of any decision by an ALJ concerning a contractors' notice of infraction. RCW 18.27.310. The appellate court reviews an agency order in the same manner as the superior court, applying APA standards to the record before the agency. Valentine v. Dep't of Licensing, 77 Wash.App. 838, 843, 894 P.2d 1352 (1995).
¶ 8 Comet Roofing does not assign error to any of the findings of fact entered by the ALJ. Unchallenged findings of fact are verities on appeal. State v. Hill, 123 Wash.2d 641, 644, 870 P.2d 313 (1994). The issues before this court involve the construction of a statute which is a question of law reviewed de novo. Stuckey v. Dep't of Labor & Indus., 129 Wash.2d 289, 295, 916 P.2d 399 (1996).
¶ 9 Commercial Purposes. The ALJ concluded that the building was "commercial" for purposes of RCW 18.27.114(1)(b) and that Comet Roofing violated the statute by failing to provide a disclosure statement.
¶ 10 "[I]f the statute's meaning is plain on its face, then the court must give effect to that plain meaning as an expression of legislative intent." Dep't of Ecology v. Campbell & Gwinn, LLC, 146 Wash.2d 1, 9-10, 43 P.3d 4 (2002). A statute's plain meaning is determined from the ordinary meaning of the language in question, the context of the statute in which the provision is found, related provisions, and the statutory scheme as a whole. Id. at 10, 43 P.3d 4. When a word has a well-accepted, ordinary meaning, the court turns to a regular dictionary for its meaning. City of Spokane ex rel. Wastewater Mgmt. Dep't v. Dep't of Revenue, 145 Wash.2d 445, 454, 38 P.3d 1010 (2002). We construe statutes to effect their purpose and avoid unlikely or absurd results. State v. Neher, 112 Wash.2d 347, 351, 771 P.2d 330 (1989).
¶ 11 The purpose the CRA is to protect the public from unreliable, fraudulent, and incompetent contractors. RCW 18.27.140. If RCW 18.27.114(1)(a) or (b) apply, the CRA requires the contractor to (1) complete a statement substantially similar to the statement set forth in RCW 18.27.114(1), and (2) provide this written statement to the customer. Any contractor who fails to provide the required disclosure statement may not bring or maintain a lien claim under chapter 60.04 RCW. See former RCW 18.27.114(3). Failure to provide a disclosure statement is also an infraction of the CRA and, as such, constitutes a violation of the CRA. Former RCW 18.27.114(5); RCW 18.27.350.
¶ 12 Remedial statutes in the CRA should be liberally construed. See Bostain v. Food Express, Inc., 159 Wash.2d 700, 712, 153 P.3d 846, cert. denied, ___ U.S. ___, 128 S.Ct. 661, 169 L.Ed.2d 512 (2007). Moreover, statutory exemptions in remedial statutes must be "narrowly construed and applied only to situations which are plainly and unmistakably consistent with the terms and spirit of the legislation." Drinkwitz v. Alliant Techsystems, Inc., 140 Wash.2d 291, 301, 996 P.2d 582 (2000).
*352 ¶ 13 Under the CRA, disclosure statements are required pursuant to RCW 18.27.114(1), which reads, in part, as follows:
Any contractor agreeing to perform any contracting project: (a) For the repair, alteration, or construction of four or fewer residential units or accessory structures on such residential property when the bid or contract price totals one thousand dollars or more; or (b) for the repair, alteration, or construction of a commercial building when the bid or contract price totals one thousand dollars or more but less than sixty thousand dollars, must provide the customer with the following disclosure statement ....
(Emphasis added.) Comet Roofing does not dispute that Mr. Manina met the contract price requirement of RCW 18.27.114(1)(b). However, Comet Roofing maintains that the statute does not apply because the building is residential, is rented for residential use, and is, therefore, not commercial.
¶ 14 The definition for the word "commercial" can be obtained from a regular dictionary. Webster's Third New International Dictionary contains two definitions that are potentially helpful. The first definition for "commercial" is "of, in, or relating to commerce." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 456 (1993). The term "commerce" is defined as "the exchange or buying and selling of commodities [especially] on a large scale and involving transportation from place to place." Id. A "commodity" is defined as "an economic good ... as distinguished from services." Id. at 458. Importantly, the second definition of "commercial" is "from the point of view of profit: having profit as the primary aim." Id. at 456.
¶ 15 Here, we apply the second definition because first definition limits RCW 18.27.114(1)(b) in a manner that is contrary to the legislative purpose. In RCW 18.27.114(1)(a) and (b), the words "residential" and "commercial" describe the noun "building." If we applied the first definition, RCW 18.27.114(1)(b) would apply only to buildings used in the large-scale buying and selling of transported goods. This definition does not further the CRA's goal of protecting the public from unreliable, fraudulent, and incompetent contractors.
¶ 16 In contrast, reading the term "commercial" in RCW 18.27.114(1)(b) as "having profit as the primary aim," encompasses any building used for a commercial purpose. Use of this definition furthers the purpose of the CRA. The owner of any building operated for a commercial purpose would be subject to the requirements of the CRA as well as the owners of buildings selling commercial goods. We conclude that Mr. Manina's building is "commercial" for purposes of RCW 18.27.114(1)(b).
¶ 17 Comet Roofing asserts that the ALJ's use of the term "commercial" is too broad and expands the reach of RCW 18.27.114(1)(b) to include residential uses. Comet Roofing also argues that the apartment building is not commercial because the tenants did not engage in commercial activities, such as the buying and selling of goods. But these arguments are unpersuasive. Moreover, the building here was not used as Mr. Manina's residence. And "Mr. Manina testified that the primary and intended purpose of the house is to operate it as a commercial venture generating positive business income." Clerk's Papers at 37.
¶ 18 Because the building is "commercial" for purposes of RCW 18.27.114(1)(b), Comet Roofing was required to provide a disclosure statement to Mr. Manina.
¶ 19 Contractor Exemption. Former RCW 18.27.114(4) provides an exemption for the disclosure statement requirement for "contractors contracting with other contractors." This exemption is in keeping with the purpose of the CRA which is to protect consumers from contractors, not to protect contractors from contractors. Stewart Carpet Serv. Inc. v. Contractors Bonding & Ins. Co., 105 Wash.2d 353, 361, 715 P.2d 115 (1986) (quoting Bremmeyer v. Peter Kiewit Sons Co., 90 Wash.2d 787, 791-92, 585 P.2d 1174 (1978)). For this reason, the definition of "contractor" contained in RCW 18.27.010 demonstrates an intent to protect customers who do not routinely work as contractors. Id.
*353 ¶ 20 Comet Roofing contends that Mr. Manina comes under the "contractors contracting with other contractors" exemption contained in former RCW 18.27.114(4). Comet Roofing also maintains that Mr. Manina is not a "consumer" but a "de facto contractor." The ALJ rejected these arguments.
¶ 21 The CRA defines the word "contractor" as:
"Contractor" means any person, firm, or corporation who or which, in the pursuit of an independent business undertakes to, or offers to undertake, or submits a bid to, construct, alter, repair, add to, subtract from, improve, move, wreck or demolish, for another, any building, highway, road, railroad, excavation or other structure, project, development, or improvement attached to real estate or to do any part thereof including the installation of carpeting or other floor covering, the erection of scaffolding or other structures or works in connection therewith or who installs or repairs roofing or siding; or, who, to do similar work upon his or her own property, employs members of more than one trade upon a single job or project or under a single building permit except as otherwise provided herein. "Contractor" includes any person, firm, corporation, or other entity covered by this subsection, whether or not registered as required under this chapter.
Former RCW 18.27.010(1) (2001).
¶ 22 Under RCW 18.27.010(1), a "contractor" is a person who "in the pursuit of an independent business" engages in certain defined activities. See Rose v. Tarman, 17 Wash.App. 160, 163, 561 P.2d 1129 (1977). Here, the contractor to contractor exemption does not apply because Mr. Manina did not engage in any of the activities set forth in RCW 18.27.010(1).
¶ 23 Comet Roofing asserts that Mr. Manina is a contractor because he was registered as a contractor before and after entering into the contract. But the activities required in RCW 18.27.010(1) demand more than mere registration. Importantly, RCW 18.27.010(1) defines "contractor" depending on the role played in a specific contract, "whether or not registered as required under this chapter." Significantly, Mr. Manina was registered as a contractor in connection with his home inspection business. However, this is not the type of work included in the definition of "contractor" contained in RCW 18.27.010(1).
¶ 24 RCW 18.27.114(1)(a), (b)Arbitrary, Capricious, or Unconstitutionally Vague. Comet Roofing next asserts that the Department's decision was arbitrary and capricious. A court is authorized to reverse an agency order if the order is arbitrary and capricious. RCW 34.05.570(3)(i). An arbitrary or capricious action is a willful and unreasonable action made without consideration and without regard for the facts and circumstances. Pierce County Sheriff v. Civil Serv. Comm'n, 98 Wash.2d 690, 695, 658 P.2d 648 (1983) (quoting State v. Rowe, 93 Wash.2d 277, 284, 609 P.2d 1348 (1980)).
¶ 25 The Department's infraction was not arbitrary or capricious. The Department based its decision on the applicable statutes and the facts of this case. The decision was also not willful or unreasonable. Mr. Manina operated an apartment building for business income. And the distinctions made in the statute were rationally related to the purpose of the CRA.
¶ 26 Comet Roofing also argues that the word "commercial" in RCW 18.27.114(1)(b) and "contractor" in RCW 18.27.010(1) are void for vagueness. Under the void for vagueness doctrine, "a statute which either forbids or requires the doing of an act in terms so vague that [persons] of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process." Connally v. Gen. Constr. Co., 269 U.S. 385, 391, 46 S.Ct. 126, 70 L.Ed. 322 (1926).
¶ 27 A vagueness challenge that does not involve the First Amendment must be analyzed in light of the facts of the case before the court. City of Spokane v. Douglass, 115 Wash.2d 171, 182, 795 P.2d 693 (1990). Significantly, the vagueness doctrine "does not demand impossible standards of specificity or absolute agreement." Id. at 179, 795 P.2d 693. "If persons of ordinary intelligence can understand what [a statute] *354 proscribes, notwithstanding some possible areas of disagreement, [the statute] is sufficiently definite." Id. (emphasis added). To determine whether a statute is sufficiently definite, the statute must be considered within the context of the entire enactment and the statute's language must be "afforded a sensible, meaningful, and practical interpretation." Id. at 180, 795 P.2d 693. A statute should not be found invalid merely because the reviewing court concludes that it could have been drafted more precisely. Id. at 179, 795 P.2d 693.
¶ 28 Comet Roofing fails to demonstrate that RCW 18.27.114(1)(b) and RCW 18.27.010(1) are unconstitutionally vague as applied here. The word "commercial" is a common term and its meaning can be found in a dictionary. The word "contractor" is carefully defined in RCW 18.27.010(1). Comet Roofing points to disagreements over the definitions of words, but these disagreements are insufficient to invalidate the statutes. And this court cannot invalidate RCW 18.27.010(1) based on the conclusion that it could have been drafted more precisely.
¶ 29 Attorney Fees. Comet Roofing is not the prevailing party; therefore, we deny its request for attorney fees.
¶ 30 We affirm the decision of the ALJ and the superior court.
WE CONCUR: SWEENEY and KORSMO, JJ.
NOTES
[1] In 2007, a new subsection (2) was added to RCW 18.27.114 and the remaining subsections were renumbered. See Laws of 2007, ch. 436, § 8 (effective July 22, 2007).