**NOTICE:   SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| GINA J. DOBSON,<br><br>                    Appellant,<br><br>          v.<br><br>TREFAN ARCHIBALD, a citizen of the State of Washington,<br><br>                    Respondent. | DIVISION ONE<br><br>No. 82409-1-I<br><br>PUBLISHED OPINION |

DWYER, J. — Gina Dobson appeals the summary judgment dismissal of her breach of contract action against Trefan Archibald. Dobson contends that she was not required to register as a contractor in order to bring suit and, accordingly, the trial court erred by dismissing her civil action as being foreclosed by her unregistered status. Finding no error, we affirm.

I

In June 2018, Trefan Archibald hired Gina Dobson to refinish his hardwood floors for $3,200. Dobson was not a registered contractor. Indeed, she was employed as a full-time longshoreman. Archibald had been referred to Dobson by Daniel Cabrera, for whom Dobson had done "some repair, remodel, and miscellaneous in-home construction work" in 2016. Cabrera was referred to Dobson by Anna Stoller, who had previously hired Dobson to repair part of a foundation, build and install a drain, and refinish a wood floor. Stoller was referred to Dobson by her realtor, Lisa Sears. Sears had also been Dobson's

realtor and became aware of Dobson's construction and home repair work after she saw improvements Dobson had made to her own home. Sears herself had also previously hired Dobson to do some painting.

Archibald paid Dobson a $700 deposit prior to Dobson commencing her work. Dobson worked on Archibald's floors but at the completion of the project, on July 6, 2018, Archibald was unhappy with the appearance of the floors. Thus, Archibald informed Dobson that he would not pay her the remaining $2,500 of the agreed-upon price.

In response, Dobson recorded a lien against Archibald's property. She then commenced this action on May 31, 2019. Archibald filed his answer on September 13, 2019. On December 8, 2020, Archibald filed a motion for summary judgment, asserting that because Dobson was not a registered contractor, she could not bring suit. Dobson then filed a cross-motion for summary judgment.

In January 2021, Archibald requested leave to amend his answer to include Dobson's status as an unregistered contractor as an affirmative defense. The trial court granted leave to amend. Later that month, the trial court granted Archibald's motion for summary judgment, denied Dobson's motion for summary judgment, and dismissed the case with prejudice.

Dobson appeals.

II

As an initial matter, we address the nature of the nonregistered contractor provisions set forth in RCW 18.27.080. Dobson's contentions on appeal rely on

2

No. 82409-1-I/3

the notion that nonregistration is an affirmative defense, which must be timely pleaded and proved by the defendant. The language of the pertinent statute, however, does not support this view. That statute, RCW 18.27.080, provides that

> [n]o person engaged in the business or acting in the capacity of a contractor may bring or maintain any action in any court of this state for the collection of compensation for the performance of any work or for breach of any contract for which registration is required under this chapter without alleging and proving that he or she was a duly registered contractor and held a current and valid certificate of registration at the time he or she contracted for the performance of such work or entered into such contract. For the purposes of this section, the court shall not find a contractor in substantial compliance with the registration requirements of this chapter unless: (1) The department has on file the information required by RCW 18.27.030; (2) the contractor has at all times had in force a current bond or other security as required by RCW 18.27.040; and (3) the contractor has at all times had in force current insurance as required by RCW 18.27.050. In determining under this section whether a contractor is in substantial compliance with the registration requirements of this chapter, the court shall take into consideration the length of time during which the contractor did not hold a valid certificate of registration.

(Emphasis added.)

In other words, in any action in which the plaintiff seeks compensation for work as a contractor, the plaintiff is required to allege and prove that at the time the work was performed, the plaintiff was a registered contractor with a current and valid certificate of registration.

"Washington contractors cannot sue clients to recover compensation or for breach of contract if the contractors are not properly registered." Coronado v. Orona, 137 Wn. App. 308, 311, 153 P.3d 217 (2007). This prohibition is distinct from the affirmative defense of illegality of contract in that the registration statute does not render the contract

3

No. 82409-1-I/4

illegal or void. Davidson v. Hensen, 135 Wn.2d 112, 127, 954 P.2d 1327 (1998). Instead, a contractor's failure to comply with registration requirements "merely limits its enforceability for public policy reasons." Bort v. Parker, 110 Wn. App. 561, 571, 42 P.3d 980 (2002). "Effectively, an unregistered contractor has no standing to seek redress from the courts if the person benefiting from the fruits of his unlicensed labor refuses to pay." Bort, 110 Wn. App. at 571. By its plain language, the statute creates not an affirmative defense but, rather, a prerequisite to suit.

Confusion pertaining to the nature of the requirements created by the registration statute appears to arise from two published opinions: Davidson, 135 Wn.2d 112, and Bosnar v. Rawe, 167 Wn. App. 509, 273 P.3d 488 (2012). Both cases address specific factual scenarios that are not here at issue.

In Davidson, our Supreme Court explained that because the registration statute did not render an underlying contract void, it did not impact an arbitrator's jurisdiction when there was an otherwise valid agreement to arbitrate. 135 Wn.2d at 130-32. In this context, the Davidson court perhaps unartfully described nonregistration as "more akin to an affirmative defense than a jurisdictional issue." 135 Wn.2d at 130-31. The court did not, however, hold that nonregistration is an affirmative defense that must be pleaded by the defendant or be deemed waived. See Davidson, 135 Wn.2d at 126-33.

4

No. 82409-1-I/5

In Bosnar, Division Three of this court initially held that the superior court's de novo review of a small claims court decision was limited to the record before it. 167 Wn. App. at 512. It then further held that, on the record before it, the small claims court had properly "carefully considered the nature of the parties' relationship" and appropriately exercised "its fact-finding and equitable discretion" in determining that the contract at issue was between two contractors and therefore suit was not barred. Rawe, 167 Wn. App. at 512-13. See Frank v. Fischer, 108 Wn.2d 468, 472, 739 P.2d 1145 (1987) (registration prerequisite to suit not applicable to disputes between contractors because "statutory purpose of RCW 18.27 was to protect the public, and the Legislature did not intend to protect contractors from each other or prime contractors from unregistered subcontractors").

Here, Dobson addressed her registration status in her complaint by alleging that she "is not a contractor under RCW 18.27.010(1)(a) and does not need to be licensed as a contractor." Archibald responded to that averment in his answer by stating that he "objects to the compound nature of the averments [in the paragraph in question], lacks sufficient information as to a portion thereof and denies each and every allegation set forth therein." As registration—or, as here, the inapplicability of the registration requirement—must be alleged and proved by the *plaintiff*, Archibald was

5

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

not required to do anything other than deny Dobson's allegations for the matter to be properly put at issue.[1]

### III

Dobson contends that summary judgment dismissal in favor of Archibald was erroneously granted and that the trial court erred by denying her own motion for summary judgment. Because there were no material questions of fact and because Dobson is not entitled to seek relief on her claim in Washington courts, we disagree.

We review the grant or denial of a motion for summary judgment de novo. This court engages in the same inquiry as the trial court. Benjamin v. Wash. State Bar Ass'n, 138 Wn.2d 506, 515, 980 P.2d 742 (1999). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Clements v. Travelers Indem. Co., 121 Wn.2d 243, 249, 850 P.2d 1298 (1993); CR 56(c). All evidence must be viewed in the light most favorable to the nonmoving party. Overton v. Consol. Ins. Co., 145 Wn.2d 417, 429, 38 P.3d 322 (2002).

Here, it is undisputed that Dobson was not a registered contractor, that she agreed to refinish Archibald's floor in exchange for $3,200, that she performed work on Archibald's floor (which he found unsatisfactory), and that he refused to pay her for that work. It is also undisputed that Archibald and Dobson

---

[1] Accordingly, we need not address Dobson's contention that the trial court erred by allowing Archibald to amend his pleadings to include Dobson's nonregistration as an affirmative defense. The plain language of the statute makes clear that nonregistration is not an affirmative defense, and both Archibald's original and amended answers adequately addressed the issue by denying Dobson's allegation that she was not a contractor.

did not have a preexisting social relationship—rather, Archibald hired Dobson

after having been referred to her by Cabrera, for whom Dobson had previously

performed some repair, remodel, and miscellaneous in-home construction work.

Cabrera's initial connection to Dobson was likewise through a referral from

another one of Dobson's former clients.

"Contractor" is defined by statute as including

any person, firm, corporation, or other entity who or which, in the pursuit of an independent business undertakes to, or offers to undertake, or submits a bid to, construct, alter, repair, add to, subtract from, improve, develop, move, wreck, or demolish any building, highway, road, railroad, excavation or other structure, project, development, or improvement attached to real estate or to do any part thereof including the installation of carpeting or other floor covering, the erection of scaffolding or other structures or works in connection therewith, the installation or repair of roofing or siding, performing tree removal services, or cabinet or similar installation; or, who, to do similar work upon his or her own property, employs members of more than one trade upon a single job or project or under a single building permit except as otherwise provided in this chapter.

RCW 18.27.010(1)(a).

Even a single and isolated business venture is not exempt from the

registration requirements of the registration act. Nw. Cascade Constr., Inc. v.

Custom Component Structures, Inc., 83 Wn.2d 453, 460, 519 P.2d 1 (1974).

Accordingly, even when the evidence is viewed in the light most favorable

to Dobson, it establishes that she was a contractor and was not entitled to relief

because she failed to allege and prove that she was properly registered as a

contractor. Dobson, in pursuit of her referral-based side business, undertook a

project to improve Archibald's building by refinishing the floor of his home.

7

No. 82409-1-I/8

Dobson disagrees, citing to Rose v. Tarman, 17 Wn. App. 160, 561 P.2d 1129 (1977), for the proposition that she does not fall into the statutory definition of a contractor because she is primarily employed as a longshoreman and the flooring work she performed for Archibald was "an isolated act in her spare time as a favor."[2]   But the cited authority does not provide a safe harbor for Dobson.

In Rose, the court explained that the registration requirement was not applicable when two friends with a longstanding social relationship entered into an agreement in which one agreed to provide bulldozing services to the other, because

> the evidence is uncontroverted that Rose was not in the pursuit of an independent business, as that phrase is understood in plain and ordinary usage.  The record indicates that this transaction between two social friends was far removed from a typical business enterprise. Rose did not hold himself out to the public as a bulldozer operator, nor did he actively solicit a contract with Tarman.  In fact it was Tarman who initiated this agreement by requesting Rose's services and the use of his bulldozer, and Rose acquiesced only after Tarman's persistent efforts.  Rose performed the work at odd hours in the evenings and in his spare time on weekends; additionally, there was expert testimony that the alleged agreed-upon price was far below the going rate for similar work. Under these circumstances we do not think that Rose comes within the statutory definition of a contractor as one in the pursuit of an independent business.  Furthermore, the avowed purpose of preventing unscrupulous contractors from preying on a defenseless public would not be served by denying access to the courts to an individual who neither sought nor desired to perform bulldozing services, and did so only when prevailed upon by a friend.

17 Wn. App. at 163.

Admittedly there are superficial similarities between the facts in Rose and the facts herein—like Rose, Dobson performed work during her off hours and did

---

[2] Br. of Appellant at 16.

8

not initiate the contact between the parties. However, unlike in Rose, Dobson and Archibald did not have a preexisting "social friend[ship]" that removed their transaction "from a typical business enterprise." 17 Wn. App. at 163. To the contrary, Dobson and Archibald knew each other exclusively through this business transaction. It is undisputed that Archibald was referred to Dobson by one of Dobson's former customers, who himself knew Dobson through another former customer. This is consistent with a referral-based independent business. The narrow factual scenario that allowed Rose to avoid the registration bar is simply not applicable to Dobson. Dobson's agreement to refinish Archibald's wood floor for $3,200 was in pursuit of her independent business, regardless of her unrelated full-time employment.

We affirm both the trial court's summary judgment dismissal of the action and its denial of Dobson's motion for summary judgment.[3]

_____
Dwyer, J.

WE CONCUR:

_____     _____
                                     Mann, C.J.

---

[3] As Archibald was the prevailing party at the trial court and remains the prevailing party on appeal, we reject Dobson's contention that the trial court erred in awarding reasonable attorney fees to Archibald pursuant to RCW 4.84.250 and deny her request for attorney fees on appeal. Archibald does not request an award of attorney fees on appeal, and thus is not entitled to fees on appeal. See RAP 18.1(b) ("The party must devote a section of its opening brief to the request for the fees or expenses.").