[No. 34613-0-I.   Division One.   May 6, 1996.]
Rodney Dale, et al., *Respondents*, v. Dietrich E. Black, et al., *Appellants*, Sandra Youngren, *Respondent*.

*Charles S. Ferguson*, for appellants.

*Joel E. Wright, John R. Zeldenrust*, and *Lee, Smart,*

*Cook, Martin & Patterson, P.S., Inc.*, for respondent Youngren.

*C. Thomas Moser II*, for respondents Dale.

BAKER, C.J. — Gwen and Dietrich Black appeal summary judgment dismissing their claims against the sellers and sellers' agent regarding their purchase of a Diet Center business. They argue that issues of material fact exist regarding whether the sale involved the transfer of a franchise, and whether it was an isolated transaction. We hold that this sale was indisputably an isolated transaction. Because the Blacks have failed to allege facts necessary to establish a fraud claim under the Franchise Investment Protection Act (FIPA), it is unnecessary to determine whether the transaction was the sale of a franchise. The Blacks have not established an issue of material fact, and the court did not err by dismissing their claims.

## FACTS

In September 1990 the Blacks executed a purchase and sale agreement with Shelley and Rodney Dale regarding "the business commonly known as Diet Center" in Mount Vernon. Sandy Youngren was the selling and listing agent. This transaction was the only time the Dales ever sold a Diet Center business, and involved the only Diet Center business the Dales ever owned. In conjunction with the transaction, the Blacks executed a promissory note for $37,500 in favor of the Dales.

In October 1990 the Blacks executed a franchise sublicense agreement with the subfranchisor, J.L. Purvis, regarding the operation of the franchise. A condition of the purchase and sale agreement with the Dales had been Purvis's approval.

Two years later the Dales sued the Blacks for defaulting on the promissory note. The Blacks counterclaimed against the Dales, alleging violations of FIPA (RCW 19.100.170, .020),[1] fraud, violation of the Consumer Protection Act (CPA) (RCW 19.86), and breach of contract. The Blacks also brought the FIPA, CPA, and fraud claims against Youngren and Purvis as third party defendants.

Gwen Black alleged that Shelley Dale and Youngren both represented that the transaction was the sale of a franchise business, that she would be a subfranchisee, and that Purvis was the subfranchisor. Black also alleged that Dale did not provide her with any information about the franchise, and assured her she would have a successful business.

The trial court granted the Youngrens' motion for summary judgment, dismissing all of the Blacks' claims against both the Youngrens and the Dales.

## DISCUSSION

The Blacks' only arguments on appeal are that their transaction with the Dales was the sale of a franchise, and that it was not an isolated transaction. The Blacks' franchise claims were based on violations of the registration (RCW 19.100.020) and antifraud (RCW 19.100.170) provisions of FIPA.

■■ Whether or not the transaction involved the sale or transfer of a franchise, the transaction is exempt from the registration requirements of FIPA because it was isolated.[2] The Blacks argue that whether a transaction is isolated is a question of fact which cannot be determined on summary judgment. However, a question of fact can be determined on summary judgment where, as here, reasonable minds could not differ. An isolated transaction logically refers to a transaction that is not common or

---

[1]All citations to FIPA are to the pre-1991 Act unless otherwise indicated.

[2]RCW 19.100.030(1).

repeated by either party.[3] A transaction cannot be isolated if the seller is engaged in the business of that type of transaction.[4] But the Dales were not engaged in the business of conducting this type of transaction, and sold only the one Diet Center business. There simply is no indication that this was anything other than an isolated transaction.

The Blacks also argue that this transaction was not isolated because it involved the subfranchisor Purvis. However, even the authority the Blacks rely on supports the conclusion that this was an isolated transaction within the meaning of the applicable exemption.[5] Professor Chisum criticized the former provision because it excluded isolated sales even if the franchisor was involved.[6] The new provision, not applicable here, appears to have been drafted to address the concern about the earlier provision, because it provides that a transfer or sale by a franchisee is not exempt if the franchisor is involved in the transaction.[7]

Nor does the fact that this sale was effected through an agent preclude the logical conclusion that it was an isolated transaction. An analogous section of the Securities Act recognizes that a transaction can be isolated even if accomplished through a broker-dealer.[8]

Even though the transaction was isolated, if it was the sale of a franchise it would not be exempt from the

---

[3]*Cf. State v. Smith*, 60 Wn. App. 592, 602, 805 P.2d 256 (criminal case--contrasting a continuing course of conduct with a single, isolated occurrence), *review denied*, 116 Wn.2d 1031 (1991).

[4]*See Miller v. Badgley*, 51 Wn. App. 285, 291-92, 753 P.2d 530 (UCC case--finding a one-time private sale not exempt because one of the sellers was a merchant), *review denied*, 111 Wn.2d 1007 (1988).

[5]*See* Donald S. Chisum, *State Regulation of Franchising: The Washington Experience*, 48 WASH. L. REV. 291 (1973).

[6]Chisum, 48 WASH. L. REV at 348.

[7]*See* RCW 19.100.030(1) (1992).

[8]RCW 21.20.320(1).

antifraud section of the act.[9] We need not determine whether the sale involved a franchise, however, because the Blacks have not established an issue of material fact regarding whether the Dales violated that provision. The antifraud section prohibits any false statement or omission of material fact in connection with the sale of a franchise.[10] Although argued in the pleadings, the Blacks did not allege, by sworn testimony, that any of the statements made to them were false, or that any information was withheld which would have influenced their decision to purchase the business.

Affirmed.

KENNEDY and AGID, JJ., concur.

---

[9]RCW 19.100.170; Chisum, 48 WASH. L. REV. at 351.

[10]*E.g.*, RCW 19.100.170(2).