273 P.3d 488 (2012)
Richard RAWE, Appellant,
v.
Marijan BOSNAR, Respondent.
No. 29781-1-III.
Court of Appeals of Washington, Division 3.
March 29, 2012.
Terry Elgin Miller, Attorney at Law, Kennewick, WA, for Appellant.
Marijan Bosnar, Ephrata, WA, pro se.
BROWN, J.
¶ 1 Richard Rawe appeals the superior court's decision upholding a small claims decision by a district court commissioner that granted Marijan Bosnar's complaint for money due in performing labor for Mr. Rawe. Mr. Rawe contends the trial court erred in failing to apply RCW 18.27.080 because Mr. Bosnar is not a "duly registered contractor." We, like the superior court in de novo review, conclude Mr. Rawe failed to properly assert RCW 18.27.080; we, like the trial court in our de novo review, consider a hybrid hourly employment arrangement and hold the trial court did not err in awarding $1,400 to Mr. Bosnar. Accordingly, we affirm.

FACTS
¶ 2 Mr. Rawe owned residential rental property needing considerable repairs, including leveling and reinforcement. He contacted Mr. Bosnar about the work. Mr. Bosnar told Mr. Rawe he was not a registered contractor, but had been before he retired. Eventually, the parties agreed to an arrangement mixing cost reimbursements, hourly employment, and an understanding that a minimum amount of work would be required. Disputes arose as to the scope of Mr. Bosnar's work and whether the work would be done on an hourly or lump sum basis. The parties were unable to resolve their differences and Mr. Bosnar sued Mr. Rawe in small claims court for money owed.
¶ 3 At trial, Mr. Rawe commented Mr. Bosnar was not a registered contractor, "so he cannot make any binding contract that the court can enforce." Report of Proceedings *489 (RP) at 18. The small claims court entered a $1,400 judgment for Mr, Bosnar without specifically addressing Mr. Bosnar's status as an unregistered contractor. Rather it articulated their arrangement to pay costs, Mr. Bosnar's hourly rate, and the expected amount of minimum employment. Mr. Rawe appealed to the superior court.
¶ 4 The superior court on de novo review affirmed, explaining in a letter decision that its judgment was partly based on Mr. Rawe's failure to raise the issue of Mr. Bosnar not being a registered contractor as an affirmative defense before the small claims court. Mr. Rawe unsuccessfully requested reconsideration. This appeal followed.

ANALYSIS
¶ 5 The issue is whether the trial court erred in failing to consider and apply the non-registered contractor provisions of RCW 18.27.080 to prevent Mr. Bosnar from bringing his claim for money owed. Mr. Rawe contends he did not need to do more to assert this affirmative defense in small claims court.
¶ 6 We review a superior court's order denying reconsideration for abuse of discretion. Rivers v. Wash. State Conference of Mason Contractors, 145 Wash.2d 674, 685, 41 P.3d 1175 (2002). The issue of whether RCW 18.27.080 bars Mr. Bosnar's claim, however, is a question of law, which we review de novo. Dougherty v. Dep't of Labor & Indus., 150 Wash.2d 310, 314, 76 P.3d 1183 (2003).
¶ 7 In Anderson v. Frandsen, 36 Wash. App. 353, 356, 674 P.2d 208 (1984), Division One of this court held, "RCW 18.27.080 . . . prohibits actions brought by [an unregistered] contractor." Additionally, this court has held, "Washington contractors cannot sue clients to recover compensation or for breach of contract if the contractors are not properly registered." Coronado v. Orona, 137 Wash.App. 308, 311, 153 P.3d 217 (2007) (citing RCW 18.27.080).
¶ 8 But our Supreme Court clarified in Davidson v. Hensen, 135 Wash.2d 112, 123, 954 P.2d 1327 (1998), a party that does not, "timely assert the affirmative defense of nonregistration," waives it. In Davidson, the homeowners sought to overturn an arbitration award in favor of the contractor. The Court held, "We decline to overturn the arbitrator's award based on a refusal to re-open the hearing for additional evidence. . . . The Davidsons had an opportunity to timely assert nonregistration before the arbitrator, but failed to do so." Id.
¶ 9 In his factual recitation, Mr. Rawe testified he was aware beforehand that Mr. Bosnar was not a registered contractor and understood unregistered contractors, "cannot make any binding contract that the court can enforce." RP at 18. But he did not specifically object or raise the issue, preferring instead to dwell on their working relationship and Mr. Bosnar's failure to keep good track of his work time. The court's lack of discussion of this issue highlights that the issue was not sufficiently raised. Mr. Rawe did attempt to formally raise the registration issue before the superior court, but the superior court was limited on de novo review to the record before it. See Valley v. Hand, 38 Wash.App. 170, 172, 684 P.2d 1341 (1984) (superior court's review of a small claims judgment is de novo on the record). Thus, because Mr. Rawe did not properly raise the registration defense below, under Davidson, the defense is waived. Accordingly, the small claims court properly entered judgment in favor of Mr. Bosnar after sorting out the parties' factual disputes.
¶ 10 In sum, the trial court's decision shows it carefully considered the nature of the parties' relationship. The record amply reflects the parties' attempts to work around the contractor registration problem by contemplating Mr. Bosnar's employment on an hourly basis, not as a contractor, with costs paid by Mr. Rawe and with a minimum amount of employment estimated. In the end, the trial court in exercising its fact-finding and equitable discretion treated Mr. Rawe as an owner/contractor employing Mr. Bosnar.
¶ 11 Mr. Rawe requests attorney fees on appeal under RCW 4.84.185 (frivolous action), RCW 18.27.350 (Consumer Protection Act), and RCW 19.86.090 (unfair business practices). An attorney fee award under *490 these statutes is predicated on Mr. Rawe being the prevailing party. He is not. Therefore, his fee request is denied.
¶ 12 Affirmed.
WE CONCUR: KORSMO, A.C.J., and SWEENEY, J.