

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| HNS, INC., an Oregon Corporation, | ) | |
| | ) | No. 34695-1-III |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| EAGLE ROCK QUARRY, a Washington | ) | UNPUBLISHED OPINION |
| Business; CACTUS QUARRY, a | ) | |
| Washington Business; EAGLE ROCK | ) | |
| QUARRY, INC., a Washington | ) | |
| Corporation; EAGLE ROCK, LLC, a | ) | |
| Washington Limited Liability Company; | ) | |
| and PAUL RIEDINGER and TINA | ) | |
| MURPHY, husband and wife, and the | ) | |
| marital community composed thereof; and | ) | |
| LEXON INSURANCE COMPANY, | ) | |
| | ) | |
| Respondents. | ) | |

SIDDOWAY, J. — HNS, Inc.'s collection action was dismissed on the basis that it

had not substantially complied with the requirements of Washington's contractor

registration act, chapter 18.27 RCW, a prerequisite for a contractor who wants to be able

to invoke the aid of Washington courts. Because HNS had not caused its surety bonding

to be extended to Washington claims and did not demonstrate that its general liability

insurance coverage applied to its operations for Eagle Rock Quarry, Inc., the trial court

correctly refused to find substantial compliance with the act. We affirm.

FACTS AND PROCEDURAL BACKGROUND

HNS, Inc., an Oregon corporation with its principal place of business in La Grande, Oregon, agreed to blast, crush, and stockpile gravel for Eagle Rock Quarry, Inc. at a quarry in Mesa, Washington. HNS presented a proposed written contract to Eagle Rock that was never signed. Instead, the parties proceeded based on an oral agreement to the price to be paid per ton and to monthly invoicing by HNS. HNS claims to have blasted and crushed more than 200,000 tons of rock for Eagle Rock.

Although Eagle Rock made a number of payments, it stopped paying in September 2015. In January 2016, HNS sued Eagle Rock and its principals for the amount owed under the parties' agreement. By the time of an amended complaint filed by HNS in March 2016, Eagle Rock is alleged to have owed HNS $241,372.88.

Eagle Rock moved the trial court to dismiss HNS's complaint on the basis that HNS was a contractor doing business in Washington but was not registered under RCW 18.27.080—a prerequisite for filing suit. Eagle Rock supported its motion with information it had obtained from the Washington State Department of Labor and Industries in response to a contractor verification search. The Department's information indicated that HNS was a construction contractor and had formerly been licensed in Washington for 11 years, but had not renewed its license in 2010. HNS had been in suspended status since July 28, 2010, the date its certificate of general liability insurance

2

expired or was cancelled. The Department's information indicated that HNS had no current surety bond or insurance account.

HNS resisted the dismissal, arguing it had substantially complied with Washington's financial responsibility requirements and that substantial compliance is sufficient under RCW 18.27.080. It pointed out that the Department still had accurate corporate information based on its registration years earlier. It provided the court with evidence that for purposes of its Oregon licensing, it had maintained a surety bond and commercial general liability coverage during all relevant periods in amounts that exceeded Washington's requirements.

At the hearing on the motion, the trial court noted that "the purpose of the statute is to protect against damage claims . . . . [for p]eople that work *here*. People that have accidents that occur *here*." Clerk's Papers (CP) at 192-93 (emphasis added). The trial court construed the terms of HNS's surety bond as ensuring payment of only Oregon claims and stated "a worker here or a party injured here shouldn't have to go to Oregon to argue that the bond in Oregon covers—or argue that the liability policy issued in Oregon to meet Oregon law [provides] coverage." CP at 194. Although expressing some sympathy for HNS, the court concluded that HNS had not substantially complied with the law's requirements and granted the motion to dismiss. HNS appeals.

3

ANALYSIS

Chapter 18.27 RCW requires every contractor engaging or offering to engage in services in Washington to register with the Department of Labor and Industries. It closes the doors of Washington courts to those who fail to register by providing that in any action to collect compensation for work or to enforce a contract, a contractor must "alleg[e] and prov[e] that he or she was a duly registered contractor and held a current and valid certificate of registration at the time he or she contracted for the performance of such work or entered into such contract." RCW 18.27.080. The provision recognizes the possibility of substantial compliance with the registration requirement, but defines the compliance that courts may treat as substantial:

> For the purposes of this section, the court shall not find a contractor in substantial compliance with the registration requirements of this chapter unless: (1) The department has on file the information required by RCW 18.27.030; (2) the contractor has at all times had in force a current bond or other security as required by RCW 18.27.040; and (3) the contractor has at all times had in force current insurance as required by RCW 18.27.050.

*Id.* The court is also to take into consideration the length of time during which the contractor did not hold a valid certificate of registration. *See id.*

Whether RCW 18.27.080 bars HNS's claim is a question of law, which this court reviews de novo. *Rawe v. Bosnar*, 167 Wn. App. 509, 511, 273 P.3d 488 (2012).

By virtue of its registration in Washington from 1999 to 2010, HNS could demonstrate that the Department had on file much, but not all, of the information required

4

by RCW 18.27.030. And in resisting dismissal, HNS presented a $75,000 commercial surety bond issued by Western Surety Company that was in place at relevant times and some evidence of commercial general liability insurance issued from Western National Assurance Company with aggregate limits of $2 million and per occurrence limits of $1 million.

The surety bond presented was not a "bond or other security as required by RCW 18.27.040," however, because it provides that Western Surety "binds itself . . . to pay to the State of Oregon" the penalty amount, and states that it is "for the exclusive purpose of ensuring payment of final orders of the Construction Contractors Board in accordance with ORS [Oregon Revised Statutes] Chapter 701." CP at 134. RCW 18.27.040(1) provides that a contractor's bond "shall have the state of Washington named as obligee."

It did not demonstrate that its insurance was "insurance as required by RCW 18.27.050" because it provided only premium notices rather than a copy of the policy or other evidence that insurance was in force and covered its operations in Mesa.

Like the trial court, we have some sympathy for HNS because it does not appear it is an "unreliable, fraudulent, financially irresponsible, or incompetent contractor[ ]," the concern that is the purpose for the law's registration requirement. RCW 18.27.140; *Williamson, Inc. v. Calibre Homes, Inc.*, 147 Wn.2d 394, 400, 54 P.3d 1186 (2002). Nonetheless, "[a]nyone engaged in the activities of a contractor is presumed to know the

5

No. 34695-1-III
*HNS, Inc. v. Eagle Rock Quarry, et al.*

requirements of [chapter 18.27 RCW]." RCW 18.27.005. HNS did not substantially comply in the manner required to enjoy access to Washington courts.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_Siddoway, J._
Siddoway, J.

WE CONCUR:

_Lawrence-Berrey, C.J._
Lawrence-Berrey, C.J.

_Korsmo, J._
Korsmo, J.

6