**NOTICE:   SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

**FILE**

IN CLERK'S OFFICE
SUPREME COURT, STATE OF WASHINGTON
FEBRUARY 9, 2023

_González, C.J._
CHIEF JUSTICE

THIS OPINION WAS FILED
FOR RECORD AT 8 A.M. ON
FEBRUARY 9, 2023

ERIN L. LENNON
SUPREME COURT CLERK

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| GINA DOBSON, | ) | No. 100862-7 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | EN BANC |
| | ) | |
| TREFAN ARCHIBALD, | ) | |
| | ) | Filed: February 9, 2023 |
| Respondent. | ) | |
| _____ | ) | |

MONTOYA-LEWIS, J.— In order to protect the public, the Washington State Legislature passed a law requiring contractors to register with the Department of Labor and Industries before advertising, offering to do work, or performing any work as a contractor. RCW 18.27.020. In so doing, the legislature has stated an interest in protecting the public from unreliable, fraudulent, financially irresponsible, or incompetent contractors. RCW 18.27.140. Consequently, in any action where an individual doing work as a contractor sues for breach of contract for work done as a contractor, that individual is required to allege and prove that at the time they performed the work, they were a registered contractor. RCW 18.27.080.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

*Dobson v. Archibald*
No. 100862-7

In this case, a homeowner, Trefan Archibald, hired an individual, Gina Dobson, to refinish his hardwood floors. Dobson worked as a longshoreman full-time but did some construction work on the side. Archibald selected her for the job based on a referral and her reputation of completing similar construction projects. Upon completion of the floors, Archibald was dissatisfied with the results and refused to pay the agreed-upon price. Dobson sued for breach of contract and, as part of the suit, claimed she was not a contractor and did not need to be registered. We are asked to determine two issues. First, whether such an individual is a "contractor" under RCW 18.27.010(1)(a). Second, whether nonregistration under RCW 18.27.080 is an affirmative defense that must be timely pleaded or is otherwise waived.

The Court of Appeals held that Dobson was a contractor within the meaning of the contractor registration statutes and that Archibald was not required to raise nonregistration as an affirmative defense. We agree. We hold that Dobson is a contractor as defined by statute and that registration is a prerequisite to suit. Therefore, Dobson was precluded from bringing this lawsuit, and her breach of contract action was properly dismissed. We affirm.

## I. FACTS AND PROCEDURAL HISTORY

A.     Factual Background

Dobson works as a longshoreman, loading and unloading ships at the Port of

Seattle's seaport terminals. Over the last few years, Dobson has simultaneously completed home repair work for pay on several occasions. Dobson never registered as a contractor with the Department of Labor and Industries.

In 2018, Archibald, a homeowner in the Seattle area, contacted Dobson to inquire about refinishing hardwood floors in his home. Archibald learned about Dobson through a mutual friend; they never had any prior interactions. In 2016, Dobson had done some work for this friend, such as remodeling his guest bathroom and miscellaneous in-home repairs and construction work.

Dobson has acquired customers for her home repair work through a referral process. For instance, Archibald's friend was referred to Dobson by a second friend for whom Dobson had also refinished hardwood floors and done some other construction work. This second friend was referred to Dobson by Dobson's realtor. Impressed by improvements Dobson made to her own home, the realtor occasionally asked Dobson to perform repairs or improvements for the houses she was listing.

When Archibald and Dobson began discussing the hardwood refinishing project, Archibald asked about Dobson's work experience. Dobson explained that she did this type of construction and repair work when not working full time as a longshoreman, though it is unclear whether she ever claimed to be registered as a contractor. Archibald specifically wanted Dobson to use a Rubio Monocoat finish for the project. Dobson had never used that finish before. She typically used

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

polyurethane finish, which is applied using a very different procedure. Despite her inexperience, Dobson agreed to use Rubio Monocoat at Archibald's insistence. Archibald claims that Dobson was not forthcoming about her lack of experience with the requested finish.

While Archibald was looking for someone to refinish his floors, he also got a quote from a professional company for $4,321.40, which appears to include the costs of preparation and materials in the approximate amount of $1,000.00. Archibald chose to hire Dobson, and they agreed that Dobson would do the work for $3,200.00. Archibald paid Dobson a $700.00 deposit before the work began, and he purchased the materials for the job for $579.22. The $700.00 deposit was factored into the $3,200.00 total, but the $579.22 for the cost of materials was not—this was additional money out of Archibald's pocket.

Dobson completed the work during her off-hours from working as a longshoreman. When Dobson finished the project, Archibald was unhappy with the appearance of the floors and refused to pay the remaining $2,500.00 of the agreed-upon price.

B.     Procedural History

Dobson filed suit against Archibald for breach of contract. In her complaint, Dobson alleged that she is not a contractor and did not need to be registered. Archibald moved for summary judgment, asserting that as an unregistered

*Dobson v. Archibald*
No. 100862-7

contractor, Dobson could not bring suit under RCW 18.27.080. Dobson then filed a cross motion for summary judgment, arguing, in part, that failure to register is an affirmative defense that Archibald waived. Archibald later amended the answer to include Dobson's status as an unregistered contractor as an affirmative defense. The court granted Archibald's motion to amend his answer and Archibald's motion for summary judgment, denied Dobson's cross motion for summary judgment, and dismissed the case with prejudice.

The Court of Appeals affirmed the trial court, holding that Dobson was a contractor within the meaning of contractor registration statutes and that Archibald was not required to raise Dobson's nonregistration as an affirmative defense. *Dobson v. Archibald*, 21 Wn. App. 2d 91, 92, 505 P.3d 115 (2022). We granted review. 199 Wn.2d 1026 (2022).

## II. ANALYSIS

We review the grant of a motion for summary judgment de novo. *Benjamin v. Wash. State Bar Ass'n*, 138 Wn.2d 506, 515, 980 P.2d 742 (1999). Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c). All evidence must be viewed in the light most favorable to the nonmoving party. *Clements v. Travelers Indem. Co.*, 121 Wn.2d 243, 249, 850 P.2d 1298 (1993).

Whether Dobson qualifies as a contractor and whether her nonregistration

5

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

*Dobson v. Archibald*
No. 100862-7

constitutes an affirmative defense are questions of statutory interpretation. Statutory interpretation is a question of law we also review de novo. *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 9, 43 P.3d 4 (2002). In interpreting statutes, our "objective is to ascertain and carry out the Legislature's intent." *Id.* We discern the plain meaning by considering the language of the statute and related statutes. *Id.* at 11. If the statute is ambiguous, we then refer to legislative history and other aids to construction. *Id.* at 12. If the plain meaning cannot be determined from the statutory provision at issue, the court considers the statutory scheme as a whole, or related statutes. *Id.* at 10. It is also well established that "'[t]he drafters of legislation . . . are presumed to have used no superfluous words and we must accord meaning, if possible, to every word in a statute.'" *In re Recall of Pearsall-Stipek*, 141 Wn.2d 756, 767, 10 P.3d 1034 (2000) (alterations in original) (quoting *Greenwood v. Dep't of Motor Vehicles*, 13 Wn. App. 624, 628, 536 P.2d 644 (1975)).

A.    Qualifying as a Contractor

As a threshold matter, we must establish whether Dobson is a contractor. After applying the statutory rules of construction and our standards of review, we hold that Dobson qualifies as a contractor under RCW 18.27.010(1)(a). The legislature defines the term, as well as the reasons for requiring registration, and this case falls squarely within the terminology used in the statute and the basis for it.

The legislature requires contractors to register with the Department of Labor

6

*Dobson v. Archibald*
No. 100862-7

and Industries before advertising, offering to do work, or performing any work as a contractor. RCW 18.27.020. The purpose of this requirement is "to afford protection to the public" from "unreliable, fraudulent, financially irresponsible, or incompetent contractors." RCW 18.27.140; *Nw. Cascade Constr., Inc. v. Custom Component Structures, Inc.*, 83 Wn.2d 453, 460, 519 P.2d 1 (1974). The registration act requires strict enforcement. RCW 18.27.005.

> "Contractor," as defined by RCW 18.27.010(1)(a), is
>
> *any person*, firm, corporation, or other entity who or which, in the pursuit of an independent business undertakes to, or *offers to undertake, or submits a bid to, construct, alter, repair, add to,* subtract from, improve, develop, move, wreck, or demolish *any building*, highway, road, railroad, excavation or other structure, project, development, or improvement *attached to real estate or to do any part thereof including the installation of carpeting or other floor covering*, the erection of scaffolding or other structures or works in connection therewith, the installation or repair of roofing or siding, performing tree removal services, or cabinet or similar installation; or, who, to do similar work upon his or her own property, employs members of more than one trade upon a single job or project or under a single building permit except as otherwise provided in this chapter.

(Emphasis added.)

Rather than attempting to interpret who qualifies as a contractor in a vacuum, we read RCW 18.27.010(1)(a) in conjunction with the other sections of chapter 18.27 RCW to provide context. *Campbell & Gwinn*, 146 Wn.2d at 12. For instance, RCW 18.27.080 states that any person "engaged in the business *or acting in the capacity of a contractor*" is prohibited from suing for breach of contract for

7

*Dobson v. Archibald*
No. 100862-7

performance of work if they are not registered as a contractor. (Emphasis added.)

The legislature distinguishes between individuals engaged in the business of a

contractor and those "acting in the capacity of a contractor." *Id.* The legislature's

choice to include not only those who are engaged in the business of contracting but

also those acting in the capacity of a contractor indicates the legislature's intent to

capture those who do the type of work described under .010(1)(a) both formally and

informally. *See, e.g.*, *Pearsall-Stipek*, 141 Wn.2d at 767 (we must give effect to all

language in the statute).

Further, RCW 18.27.010(14) defines an "unregistered contractor" as a person

"doing work as a contractor without being registered in compliance with this

chapter." The legislature's choice to frame an unregistered contractor in terms of

the work being done rather than whether it is an official business further indicates

the legislature's intent to capture those who do the type of work described under

.010(1)(a). It is undisputed in the record that Dobson is unregistered, and in looking

at the plain language of the statute as a whole, Dobson is a person who—in acting

in the capacity of a contractor—undertook the project of refinishing Archibald's

hardwood floors in his home.[1]

The Court of Appeals has previously addressed the question of who qualifies

---

[1] Dobson emphasizes the intermittent nature of her home repair work, focusing on the "pursuit of an independent business" language in RCW 18.27.010(1)(a). Specifically, Dobson argues that she was not in the pursuit of an independent business and that "business pursuit" is not

8

*Dobson v. Archibald*
No. 100862-7

as a contractor under RCW 18.27.010, .080 in *Rose*, looking to the facts and circumstances to determine whether someone was engaged in the business or acting in the capacity of a contractor. *Rose v. Tarman*, 17 Wn. App. 160, 561 P.2d 1129 (1977). Those factors, adaptable to differing circumstances, comport with the plain language of the statute by focusing on whether an individual is acting in the capacity of a contractor from the formation of the agreement through the performance of the work. There, Rose agreed to provide bulldozing services in clearing Tarman's property. *Id.* at 161. The Court of Appeals held that contractor registration statutes were inapplicable based on consideration of the following five specific facts. *Id.* at 163. First, prior to forming this agreement, Rose had been social friends with Tarman for five years, and they were far removed from a typical business enterprise. *Id.* Second, Rose performed the bulldozing services during odd hours in the evenings and during his spare time on weekends. *Id.* Third, the agreed-upon price for performance was far below the going rate for similar work. *Id.* Fourth, Rose did

---

defined in chapter 18.27 RCW. She contrasts the definition of a "business pursuit" insurance exclusion from *Stoughton v. Mut. of Enumclaw*, 61 Wn. App. 365, 368, 810 P.2d 80 (1991), with the concept of an "isolated transaction" for purposes of the sale of a business in *Dale v. Black*, 81 Wn. App. 599, 601-02, 915 P.2d 1116 (1996). However, neither of those cases involved any analysis of the contractor registration statutes. *Dale*, 81 Wn. App. 599; *Stoughton*, 61 Wn. App. 365. Moreover, Dobson's reliance on the intermittent nature of her home repair work to assert that she was not in the pursuit of an independent business is directly foreclosed by this court's precedent established by *Northwest Cascade*. There, we held that a party engaging in a single isolated business venture is not exempt from the requirements of the registration act. *Nw. Cascade Constr., Inc.*, 83 Wn.2d at 459. Reading the statute plainly, we are unpersuaded that Dobson's intermittent contracting work was not in the "pursuit of an independent business."

*Dobson v. Archibald*
No. 100862-7

not hold himself out to the public as a bulldozer operator. *Id.* Finally, Tarman was the person to actively solicit a contract with Rose. *Id.*

Today, we adopt the *Rose* court's analysis as a rule. In determining whether or not an individual is a contractor in the pursuit of an independent business, the court considers (1) the nature of the relationship with the client, (2) the time of performance, (3) the agreed-upon price for performance and whether it is substantially below the going rate for similar work, (4) the public perception of the individual's role in performing such work, and (5) which party solicits the contract. On balance, we find that these factors weigh in favor of Dobson qualifying as a contractor. While the second and fifth factors weigh against Dobson being a contractor, the remaining three factors weigh strongly in favor of such a finding.

As to the first factor, Dobson and Archibald have a referral-based, businesslike relationship. Dobson and Archibald were not even acquaintances, let alone social friends. The only way they got in touch was through a referral from one of Dobson's and Archibald's mutual friends. However, there is no indication that friendship or any relationship beyond this transaction developed between Dobson and Archibald, and the referral was strictly based on the similar home repair work Dobson had done for the friend. The professional, rather than personal, nature of this relationship weighs in favor of Dobson being a contractor.

As to the third factor, the price of performance is substantially within the

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

going rate for similar work. Specifically, Dobson and Archibald agreed on $3,200.00 for the price of performance. However, Archibald was also responsible for purchasing the materials to refinish the floors, which cost $579.22. Therefore, the total cost of the project was $3,779.22. The quote from the professional company indicated that it would have charged $4,321.40, which appears to include the cost of preparation and materials in approximately the amount of $1,000.00. Thus, the comparative costs excluding preparation and materials were $3,200.00 for Dobson and approximately $3,321.40 for the professional company and including preparation and materials, $3,779.22 for Dobson and $4,321.40 for the professional company. Therefore, we conclude that the agreed-upon price of performance for Dobson's work is not substantially below the going rate for similar work.

Moreover, additional benefits may have been included in the price for the professional company. First, the professional company would have provided the convenience of handling the purchase and organization of all materials and preparation of refinishing the floors. Second, while Dobson had never before used the Rubio Monocoat finish, no facts in the record suggest that this professional company also lacked experience with the requested finish. Thus, the professional company's costs also may have included a greater level of experience and confidence using that finish. As a result, we conclude that the agreed-upon price of performance with Dobson is not substantially below the going rate for similar work,

11

*Dobson v. Archibald*
No. 100862-7

which weighs in favor of Dobson being a contractor.

As to the fourth factor, Dobson held herself out to the public as a contractor. Though the parties dispute whether Dobson represented that she was a registered contractor, Dobson took on home repair work for pay based on referrals by previous clients. Even in viewing the facts in the light most favorable to Dobson, she was earning money for construction work she got based on referrals by other people she had worked for, beginning with a realtor with whom Dobson had a professional relationship. The realtor was impressed by the improvements Dobson had made to her own home, so she asked Dobson on multiple occasions to perform repairs or improvements for the houses she was listing. This was a business relationship between two professionals that laid the foundation for the chain of referrals leading to Archibald. The public is likely to believe that someone who gets work based on these business relationships and referrals from other clients is in fact a contractor.

Only the second and fifth factors weigh against finding Dobson a contractor. As to the second factor, Dobson refinished Archibald's hardwoods during her off time from working as a longshoreman. As to the fifth factor, Archibald initiated contact with Dobson. Balancing all of the factors together, we hold that Dobson is a contractor.

This fact-specific analysis is consistent with the legislature's stated intended purpose for chapter 18.27 RCW. *See, e.g.*, *Campbell & Gwinn*, 146 Wn.2d at 9

*Dobson v. Archibald*
No. 100862-7

("The court's fundamental objective is to ascertain and carry out the Legislature's intent."). Namely, the purpose of the chapter is "to afford protection to the public including all persons, firms, and corporations furnishing labor, materials, or equipment to a contractor from unreliable, fraudulent, financially irresponsible, or incompetent contractors." RCW 18.27.140. Since the stated purpose of the registration act is indeed to prevent fraud against the public, even a single and isolated business venture is not exempt from registration requirements. *Nw. Cascade Constr., Inc.*, 83 Wn.2d at 459. Dobson engaged in multiple contractor jobs ranging from in-home repairs to refinishing floors to entirely remodeling a bathroom. She had multiple clients, who relied on her quality of service through a referral process. Failing to recognize that these circumstances constitute "acting in the capacity of a contractor" would be contrary to the intent of the registration statute to protect the public. RCW 18.27.080; *see also Nw. Cascade Constr., Inc.*, 83 Wn.2d at 460.

As a result, we affirm the Court of Appeals decision. We hold that Dobson is a contractor within the meaning of contractor registration statutes.

B.     Registration as a Prerequisite to Suit

Since Dobson was required to register as a contractor, we must also determine whether registration is a prerequisite to suit or whether nonregistration is an affirmative defense. If failure to register precludes the contractor from bringing the

*Dobson v. Archibald*
No. 100862-7

suit, then the plaintiff-contractor must allege and prove that they either registered or are not required to register. If nonregistration is an affirmative defense, then the defendant-customer must timely raise it or it is otherwise waived. We hold that the registration requirement is a prerequisite to suit; thus, since Dobson was required to register as a contractor but did not do so, she cannot use the courts of law to enforce the contract.

RCW 18.27.080 is titled "Registration *prerequisite* to suit." (Emphasis added.) In this section, the legislature requires contractors to show that they are registered in order to bring a breach of contract action. Specifically, RCW 18.27.080 provides that

> [n]o person engaged in the business or acting in the capacity of a contractor *may bring or maintain any action in any court* of this state for the collection of compensation for the performance of any work or for breach of any contract for which registration is required under this chapter *without alleging and proving* that he or she was a duly registered contractor and held a current and valid certificate of registration at the time he or she contracted for the performance of such work or entered into such contract.

(Emphasis added.) In other words, contractors in Washington can sue clients only to recover compensation or for breach of contract if the contractor is properly registered, and the contractor holds the burden to allege and prove their registration. *Coronado v. Orona*, 137 Wn. App. 308, 311, 153 P.3d 217 (2007). Failure to register bars the contractor from bringing the suit at all. This section is in derogation to the common law and must be strictly construed. *Andrews Fixture Co. v. Olin*, 2 Wn.

14

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

App. 744, 749, 472 P.2d 420 (1970). The effect of nonregistration under this statute is that the contractor cannot recover in court, not that the contract is rendered void or illegal. *Davidson v. Hensen*, 135 Wn.2d 112, 127, 954 P.2d 1327 (1998); *Bort v. Parker*, 110 Wn. App. 561, 571, 42 P.3d 980 (2002). The plain language of the statute identifies registration as a prerequisite to sue.

There is no indication anywhere in chapter 18.27 RCW that nonregistration is an affirmative defense that could be waived. However, Dobson contends that this is the case and that Archibald waived it by neglecting to timely plead nonregistration as a defense. Dobson's confusion stems from two prior decisions that reference affirmative defense in dicta. We decline to adopt that dicta in our holding.

First, in *Davidson*, this court stated in dicta that "nonregistration is more akin to an affirmative defense than a jurisdictional issue" because it limits enforceability of a contract rather than rendering a contract illegal and void. *Davidson*, 135 Wn.2d at 130-31. But we did not hold that nonregistration is *in fact* an affirmative defense; rather, we held that because nonregistration does *not* render the contract illegal, there was no ground for judicial review of an arbitration award based on illegality of contract. *Id.* at 126-27.

Second, in *Bosnar*, the Court of Appeals held that when a contract involves an employer/employee relationship with "attempts to work around the contractor registration problem," the suit is not barred on the basis of nonregistration. *Bosnar*

*v. Rawe*, 167 Wn. App. 509, 512-13, 273 P.3d 488 (2012). The Court of Appeals also noted, based on *Davidson*, that the owner "failed to properly assert RCW 18.27.080," but it did so under the incorrect assumption that the *Davidson* court held RCW 18.27.080 was an affirmative defense. *See id.* at 512-13, 510. Moreover, the question of which party must raise the issue of registration was not dispositive to the conclusion in *Bosnar* that the district court did not err in finding RCW 18.27.080 inapplicable to a contract between an employer and employee. *Id.* at 510. Neither of these cases held that nonregistration is an affirmative defense.

We rely on the plain meaning of the statute. RCW 18.27.080 states that registration is a prerequisite to suit and is intended to ensure anyone acting in the capacity of a contractor registers with the state or forfeits the right to sue to enforce a contract on the basis of nonpayment. Dobson did not fulfill the prerequisite to register as a contractor and therefore forfeited her right to sue for breach of contract.

Finally, Dobson misinterprets Civil Rule 8(c) as support for the assertion that the registration statute is an affirmative defense. CR 8(c) requires affirmative defenses such as "illegality" to be set forth in the pleadings. However, as we have explained, a contractor's failure to comply with registration requirements does not render the underlying contract illegal or void, but rather it "merely limits its enforceability for public policy reasons." *Bort*, 110 Wn. App. at 571; *Davidson*, 135

16

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

Wn.2d at 127. Thus, CR 8(c)'s requirement for affirmatively pleading illegality as a defense is inapplicable.

Consequently, we affirm the Court of Appeals. We hold that registration under RCW 18.27.080 is a prerequisite to suit, and nonregistration is not an affirmative defense that must be timely pleaded or otherwise waived. Since Dobson did not fulfill the prerequisite of registering as a contractor, she is barred from suit for this breach of contract action.

C.      Attorney Fees

Neither party is entitled to an award of attorney fees and costs on appeal. RAP 18.1. Though Archibald is the prevailing party, he is not entitled to attorney fees because he failed to request attorney fees from the Court of Appeals in his opening brief. RAP 18.1(a)-(b), (j). Dobson is not entitled to attorney fees either because she is not the prevailing party. RAP 18.1(a)-(b).

### III. CONCLUSION

The legislature intended to protect the public from individuals who acted in the capacity of a contractor but failed to follow the law requiring them to register as contractors with the state. As the legislature laid out clearly, this statute seeks to protect the public from "unreliable, fraudulent, financially irresponsible, or incompetent" contractors. RCW 18.27.140. Based on the complaint and answer in this case, Dobson acted as a contractor but failed to register as one. Therefore,

*Dobson v. Archibald*
No. 100862-7

Dobson was barred from bringing suit for breach of contract and such action was properly dismissed. We also decline to award attorney fees and costs to either party on appeal. Accordingly, we affirm and remand to the trial court for further proceedings consistent with this opinion.

_____
Montoya-Lewis, J.

WE CONCUR:

_____
González, C.J.

_____
Stephens, J.

_____
Johnson, J.

_____
Gordon McCloud, J.

_____
Madsen, J.

_____
Yu, J.

_____
Owens, J.

_____
Whitener, J.

18